IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROBERT EARL PIERCE**                                            **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO. 4:05CV75LN**

**THE CLARION LEDGER, an Operating Division
of Gannett River States Publishing Corporation;
GANNETT COMPANY, INC.; GRACE SIMMONS
and ANN RADELAT**                                       **DEFENDANTS**

## ORDER

This matter came before the court on the Defendants' Motion for Reconsideration of Orders Vacating and Denying Stay of Discovery. The basis of the Motion is the Defendants' claim that the Plaintiff has, in a responsive pleading to their summary judgment motion, questioned the court's jurisdiction and suggested that remand is appropriate. The pleading was filed after the court's most recent Order denying a stay. Therefore, the Defendants argue, this issue should be reconsidered and this matter should be stayed in accordance with Unif. Local R. 16.1(B)(2)(b), which provides

> [a] motion to remand ... shall stay the attorney conference and disclosure requirements and all discovery not relevant to the remand requirements and all discovery not relevant to the remand ... issue and shall stay the parties obligation to make disclosures pending the Court's ruling on the motion.

As this court has stated on many occasions, only three reasons justify a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990); *see also Williams v. Mississippi Action for Progress, Inc.*, 824 F. Supp. 621, 623-24 (S.D. Miss. 1993); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D.Miss. 1993); *Currie v. Baxter, Brown & Co.*, 145 F.R.D. 66,

67 (S.D. Miss. 1992). A motion that merely re-argues a party's earlier position will not persuade this court to change a previously entered ruling and is, indeed, an improper use of the motion that could result in sanctions. *Nationwide Mutual Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 495 (S.D. Miss. 2000). Because this Motion presents evidence unavailable to the court when it made its earlier ruling, reconsideration is appropriate.

This case was removed to this court on the basis of diversity of citizenship. There is only one non-diverse party, Grace Fisher, and the Defendants claim that she has been improperly joined. A motion for summary judgment as to the claims against her is pending in this court. If that motion is denied, then diversity will not exist. Absent diversity between the parties, there will be no subject matter jurisdiction, and the court will have no choice but to remand the case. Therefore, in spite of the fact that no formal motion to remand is pending, the possibility of remand certainly exists in this matter.

The purpose of Unif. Local R. 16.1(B)(2)(b) is to prevent this court from disposing of pretrial disputes if it ultimately has no jurisdiction over the case. Where discovery is permitted to proceed, pretrial disputes are inevitable, particularly where, as here, the tone of the parties' pleadings indicates substantial hostility. The court has already made critical rulings in this case regarding confidential sources and the limits of discovery. If the court is determined to lack jurisdiction over this case, then those are rulings that should more properly be made in state court. For these reasons, the court is of the opinion that further discovery should be stayed pending the District Judge's ruling on the claims against Ms. Fisher.

IT IS, THEREFORE, ORDERED that the Defendants' Motion for Reconsideration of Orders Vacating and Denying Stay of Discovery is hereby **granted**.

IT IS FURTHER ORDERED as follows:

1. This case is stayed pursuant to the Local Rules and is assigned to the suspension track.

2. Counsel for the Defendants shall promptly notify the Magistrate Judge by letter of the entry of any order disposing of the Motion for Summary Judgment with regard to the claims against Ms. Fisher and, if appropriate, shall submit a proposed order lifting the stay.

IT IS SO ORDERED, this the 17th day of November, 2005.

                                                 S/Alfred G. Nicols, Jr.
                                       UNITED STATES MAGISTRATE JUDGE