IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROBERT EARL PIERCE**                                                                 **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION NO. 4:05CV75LN**

**THE CLARION LEDGER, an Operating Division
of Gannett River States Publishing Corporation;
GANNETT COMPANY, INC.; GRACE SIMMONS
ANA   RADELAT and GANNETT SATTELITE
INFORMATION NETWORK, INC.**                                               **DEFENDANTS**

## ORDER

This matter came before the court on the Plaintiff's Motion for Legal Fees and Other Relief, by which he seeks an award of the fees and costs associated with his discovery dispute with Gannett River States Publishing Company ("Gannett"), which publishes *The Clarion Ledger*. The basis of this lawsuit is the Plaintiff's claim that he was defamed by an article published in that newspaper on April 18, 2003. He originally sued Gannett, its employee (Grace Simmons Fisher, a Mississippi resident), its parent company (Gannett Company, Inc.), and Ana Radelat (an employee of Gannett News Service, a sister corporation). In this particular Motion, the Plaintiff argues that Gannett wrongly asserted constitutional privileges in response to discovery requests that misled both the Plaintiff and the court and resulted in needless effort and expense.

Once again, the Plaintiff has ignored the requirements of Unif. Local R. 37.1(B) that he specifically set out the discovery requests and responses at issue, with specific arguments as to each, but simply makes a sweeping argument that the responses to his Requests for Production 1, 2, and 7, and his Interrogatories 2, 3, and 6 contain unwarranted assertions of privilege. He also argues that Gannett failed to provide a privilege log ordered by the court in an earlier opinion. Since his

argument primarily relates to **documents**, the court must assume that he is only pressing for attorneys' fees with regard to the Requests for Production listed above.

The discovery in question was served on Gannett on April 18, 2006, along with the state court Complaint. This case was subsequently removed, and, when Gannett failed to respond to the requests by June 10, the Plaintiff moved to compel responses. That Motion was denied by the court because the Case Management Conference had not yet occurred, a decision hotly contested by the Plaintiff, on grounds that it was the **attorney** conference, rather than the Case Management Conference, that initiated his ability to seek discovery. Gannett ultimately responded to the discovery requests shortly before the Case Management Conference was held on July 14, 2005.

The Plaintiff again moved to compel discovery, this time on grounds that the responses were inadequate. His first such Motion was denied for failure to follow Unif. Local R. 37.1(B), as was his second. In the meantime, Gannett, Gannett Company, Inc., Radelat, and Fisher had moved for summary judgment, on grounds that the one-year statute of limitations on defamation actions had expired. While that Motion was pending, the court considered Pierce's third Motion to Compel, as well as a Motion to Amend to add a cause of action for breach of contract. An Order on those Motions was entered on October 24, 2006.

In that Order, the court considered Gannett's privilege claims, agreeing with the Plaintiff that two issues predominated – whether Gannett could protect confidential sources or unpublished information, and whether Gannett controlled information that was in Ana Radelat's possession. Holding that the Plaintiff's failure to concede his status as a public figure made an inquiry into malice irrelevant and that the fair report privilege could apply to the information sought, the court ruled that Pierce had not established a need for the discovery at issue. However, the court also noted

that a future ruling might distinguish between confidential sources and unpublished material. Thus, the court required Gannett to re-state its discovery responses so as to distinguish between those privilege assertions with regard to each request. Finally, the court ordered Gannett to produce a privilege log with a description of any document that it withheld under a claim of privilege. With regard to documents held by Radelat, the court declined to hold that they were in Gannett's possession, on grounds that there was inadequate information before it as to Radelat's relationship with Gannett.

On November 4, 2005, Gannett supplemented its responses to the discovery requests at issue. At that point, Gannett stated that it had no documents in its possession that were responsive to discovery requests 1, 2, or 7. On November 17, 2005, the court stayed further discovery in this matter, pending a resolution of the claims against Ms. Fisher, dismissal of which would foreclose the possibility of remand. Two months later, on January 19, 2006, Judge Lee dismissed the claims against Fisher, as well as those against the remaining Defendants that were based on the defamation claim, and the stay was lifted shortly thereafter. The only claims currently before the court are based upon the Plaintiff's assertion that he was the third party beneficiary of a contract between Radelat and her source to keep information about him confidential.

Pierce filed this Motion for Sanctions on February 9, 2006. He argues that Gannett's initial assertion of privilege with respect to production requests and its subsequent assertion that it had no documents responsive to those request are completely at odds and amount to inconsistent positions. In his Motion, he asks the court to declare that Gannett is judicially estopped from claiming that the documents do not exist and found in contempt for failing to produce either the documents or a

privilege log.  Gannett argues that the change its responses resulted from the court's affirming its position that it did not possess documents actually held by Radelat.

The Requests at issue sought: (1) emails from Ana Radelat to various employees of the Mississippi Bureau of Narcotics concerning Pierce; (2) other documents concerning alleged wrongdoing by Pierce; and (3) any recordings, notes or transcripts of interviews of anyone concerning "any allegations" against Pierce.  Gannett's original responses to each Request asserted that the information was protected by a privilege to protect "the identity of confidential sources and/or unpublished information and is protected from disclosure by the reporter's privilege recognized under the First Amendment to the United States Constitution."  In response to other Requests for Production served at the same time, where no privilege was asserted in its Response, Gannett stated that it did not "believe any documents described in this request are in its possession."  In explaining this distinction, Gannett argues that it was asserting Radelat's privilege, in the event that she, and any documents in her possession, were found to be under Gannett's control.

Pierce argues that an earlier admission that Gannett did not possess the documents would have saved substantial time and effort in this matter.  The court is doubtful.  Shortly after Pierce's attorney received these responses, he wrote a letter to Gannett's attorney stating, with regard to the documents that Gannett had denied possessing, "If the documents are in Radelat's possession or under her control, then they are in the possession or under the control of GRS."  Had Gannett denied possessing the documents responsive to Requests 1, 2, and 7, the court believes the same argument would have been raised as to those documents.  There is no indication from the docket that Pierce ever sought these documents from Radelat prior to the time she was dismissed as a party; he admits

in his pleadings that the deposition taken in the related state court proceedings did not involve a request for documents.

In hindsight, it would have been preferable for Gannett to have been more forthcoming in its responses – explaining that its position was that no responsive documents were in **its** possession, but claiming a privilege to the extent any were held by Ms. Radelat. Had that happened, however, there would not likely have been a different result for the Plaintiff or the court. Given the persistence shown in discovery matters by Pierce's attorney to date, the court doubts that the matter would have ended there. Instead, Pierce might have sought the documents from Radelat, who would, no doubt, have asserted a privilege. The privilege issue would then have been before the court in any event, along with the issue of control as to the remaining documents. More likely, Pierce would have continued on the course he took – pressing the issue of control and privilege with regard to all of the documents.

Based on its review of the pleadings and activity that has occurred in this matter, the court concludes that an earlier denial of possession of these documents would not have changed the course of this case in any material fashion. Additionally, the court holds that the assertion of a privilege with regard to documents that Radelat may have possessed, along with a denial of possession of documents that Radelat may have possessed, but were not privileged, was not legally inconsistent. Finally, the initial failure to produce a privilege log was considered by the court in the October 24 opinion, and no such log was required after Gannett denied having the documents. For all of these reasons, the Plaintiff's request for attorneys' fees lacks merit in this instance and will be denied. Because the court further finds, however, that the Motion was not frivolous, Gannett's request for attorneys' fees will also be denied.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion for Legal Fees and Other Relief is hereby **denied**. The request of Gannett River States Publishing for attorneys' fees for responding to the Motion is also **denied**.

IT IS SO ORDERED, this the 23rd day of March, 2006.

S/John M. Roper<br>UNITED STATES MAGISTRATE JUDGE